**VOLUNTEER ABORTION CLINIC et al.**

v.

**Ron WEBSTER, District Attorney of Knox County, et al.**

Civ. No. 3-75-242.

United States District Court, E. D. Tennessee, N. D.

Oct. 2, 1975.

Roy Lucas, Washington, D.C., Frank L. Flynn, Jr., Knoxville, Tenn., for plaintiff.

Clyde W. Key, Erma G. Greenwood, Louis C. Woolf, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Before the Court is plaintiffs' motion for a temporary restraining order and preliminary injunction as prayed for in

their amended complaint. Plaintiffs seek to enjoin defendants from going forward with further criminal prosecutions which may grow out of certain indictments handed down by the Knox County Grand Jury.

The original complaint was filed August 28, 1975, and sought, *inter alia,* an injunction prohibiting the District Attorney of Knox County from presenting plaintiffs' case to the grand jury. A show cause hearing was held September 4th on the motion for injunctive relief. After considering the pleadings, affidavits, testimony of witnesses and memoranda of law submitted by counsel, the Court declined to enjoin commencement of grand jury proceedings against plaintiffs. An Order was entered to that effect on September 8th. Plaintiffs were indicted by the grand jury on September 22, 1975.

Having heard the evidence in a previous hearing and having reviewed the amended complaint, the Court cannot conclude that defendants have acted in bad faith toward plaintiffs in pursuing the State criminal prosecution. Nor can we conclude that the said prosecution was undertaken for purposes of harassment or that other unusual circumstances of the case would justify equitable relief at this time. *See Doran v. Salem Inn,* 422 U.S. 922, 95 S.Ct. 2561, 45 L.Ed.2d 648 (June 30, 1975); *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (June 24, 1975); *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971); *Stefannelli v. Minard,* 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951).

In the Order of September 8, the Court found that

> "[i]rreparable injury will occur unless defendant, Police Chief Fowler, and those acting in concert with him, are enjoined from harassing plaintiffs *in the future,* and the Court so orders defendant Fowler and all Knox-

ville police officers henceforth not to harass plaintiffs or their associates in their conduct of the abortion facility known as Volunteer Abortion Clinic." (Emphasis added)

This should not be construed as a finding that defendants had harassed plaintiffs prior to time of the entry of the Order on September 8th. In fact, the Court stated to the parties at the show cause hearing that it would not make such a finding based on the evidence presented.

Since we cannot conclude that plaintiffs have shown that there are exceptional circumstances which might justify interference with an ongoing State criminal prosecution, the motion for a temporary restraining order and preliminary injunction will be denied. Plaintiffs' constitutional claims may be raised in the State criminal proceeding.

Order accordingly.